In re **OPTICAL TECHNOLOGIES, INC.,** **Recomm Operations, Inc., Recomm Enterprises, Inc., Recomm Int'l Display Corp., Ltd., Automated Travel Center, Inc., Recomm International Display Corporation, Recomm International Display Ltd., Recomm International Corporation, Debtors.**

Bankruptcy Nos. 96–0805–8P1, 96–1200–8P1, 96–1201–8P1, 96–1202–8P1, 96–1203–8P1, 98–2134–8P1, 98–2135–8P1, 98–2136–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 30, 1998.

John D. Goldsmith, Tampa, FL, for Debtor.

David L. Eaton, Chicago, IL, Zala Forizs St. Petersburg, FL, for Creditors Committee.

## ORDER GRANTING DEBTORS' MOTION FOR SUMMARY JUDGMENT ON MOTION FOR SUBSTANTIVE CONSOLIDATION AND OVERRULING OBJECTIONS

ALEXANDER L. PASKAY, Chief Judge.

This cause came on for hearing upon the Debtors' Motion for Summary Judgment directed to the Debtors' Motion for Substantive Consolidation. **(Doc. Nos. 688, 709).** The Motion for Summary Judgment was filed by the Debtors, Optical Technologies, Inc. (Optical), Recomm Operations, Inc. (Operations), Recomm Enterprises, Inc. (Enterprises), Recomm International Display Corp., Ltd., and Automated Travel Center, Inc. (Automated) (collectively the "Original Debtors"), and Recomm International Display Corporation (Display Corp.), Recomm International Display, Ltd. (Display Ltd.), and Recomm International Corporation (International) (collectively the "New Debtors"). The Original Debtors filed their Voluntary Petitions for relief under Chapter 11 in January

1996. The New Debtors filed their Chapter 11 cases on February 11, 1998. In their Motion, the Original Debtors and the New Debtors seek substantive consolidation of their estates.

The Motion for Summary Judgment is challenged by Raymond Manklow (Manklow); certain creditors known as Certain Washington, Texas and New Mexico Customers; creditors known as Certain Mississippi Pharmacists and Veterinarians; creditors known as the Florida Veterinarians and One Indiana Veterinarian; and the Oklahoma Creditors. **(Doc. Nos. 739, 743, 746, 755 and 770).** The Debtors contend that there are no genuine issues of material fact and that based on the record, as a matter of law they are entitled to the entry of an order granting their Motion for Substantive Consolidation.

In support of their Motion, the Debtors rely on the Affidavit of Sandra Braddock **(Doc. No. 660)**, the Supplemental Affidavit of Sandra Braddock (Ms. Braddock) **(Doc. No. 753)**, and the transcript of the testimony of Michael Zovistoski (Mr. Zovistoski). None of the objecting parties filed affidavits in opposition to the Motion or presented a specific part of the record which would indicate that there are genuine issues of material fact which would preclude the disposition of this matter by way of summary judgment. The objecting parties contend that although there are no genuine issues of material fact the Debtors are still not entitled to the relief they are seeking as a matter of law.

It should be noted at the outset that this contested matter is presented for this Court's consideration in a very unusual and unorthodox setting. This is so because the New Debtors, whose estates are sought to be consolidated with the Original Debtors, did not file their Petitions for Relief until approximately two months ago and may not file their own disclosure statements. Further, no bar dates are set for filing proofs of claim against the New Debtors and no order has been entered scheduling the New Debtors' cases for confirmation although the Plan contemplates and is based upon the substantive consolidation of the Debtors. Nevertheless, the Debtors contend that it is not only appropriate but essential that the Motion be acted on forthwith, first because the confirmation hearing is now scheduled in the original five cases for April 29, 1998 and second, unless this Court grants the Motion for Substantive Consolidation, the Fourth Amended Plan of Reorganization (Plan) cannot be confirmed because the Debtors will not be able to establish the feasibility of the Plan. While this Court is not oblivious to the wisdom of the old adage, "haste makes waste," under the peculiar circumstances of these cases, this Court is satisfied and finds it appropriate to act on the Motion and consider the same on its merits.

The record reveals that the New Debtors were the original entities that established the business of the Debtors and established the "Network", also referred to as the Customer Base which is the heart and brain of the entire operation of the Recomm Companies. At least since January 1, 1995, none of the New Debtors had actually conducted any business except Operations, Optical and Automated. Neither Display Corp. nor Display Ltd. operated any business since that time and all operations previously conducted by these entities were taken over and assumed by Operations.

At least since January 1, 1995, Enterprises has been the sole shareholder of Operations, Optical and Automated. Enterprises provided certain management services to Operations, Optical and Automated for which they were obligated to but did not regularly reimburse Enterprises. Between January 1994 and until approximately July 1995, Ms. Braddock, Jesse Carter (Carter) and Robert Kellish (Kellish) were the only officers and directors of each of the Recomm Companies except Automated and Recomm International Display Corporation, Limited, a nondebtor uninvolved in these cases.

Since 1995, Kellish and Braddock have remained the only officers and directors of each of the Recomm Companies. It is without dispute that the Recomm Companies were operated under common control. Since 1994, to the extent they existed, the Recomm Companies filed consolidated tax returns. Since January 1, 1995, the Recomm Companies, except Optical and Automated, commingled their assets, used such assets, and relied

on funds generated by other Recomm Companies. Funds were transferred from one to another as needed and as it was available. While it is true that originally several customers, mainly the objectors, dealt with the New Debtors, it is without dispute that the public generally and other creditors dealt with Recomm Companies as such without distinguishing between them. All Recomm entities have shared the same office space since January 1995. It is without dispute that the New Debtors have no employees and do not conduct any business. Due to the intermingling of operations, equipment and employees, it is now difficult if not impossible to segregate the assets and liabilities making up each separate Recomm entity, including the original Debtors.

Manklow and Jean Francois Vincens (Vincens), the original principals who established the business, entered into an agreement with Braddock, Kellish and Carter, pursuant to which it was agreed that Manklow and Vincens would sell all the then existing capital stock in the then existing Recomm entities to Enterprises, in consideration for the agreed upon purchase price to be evidenced by Enterprises' execution of a promissory note. The Agreement is evidenced by a document entitled, "Written Action by Shareholders and Directors in Lieu of Special Meeting of Shareholders and Directors of Recomm Enterprises, Inc.," executed on January 4, 1994 by Manklow, Vincens, Braddock, Kellish and Carter. The signature of Vincens was verified by a Civil Law Notary in Saint Maarten, Netherlands Antilles.

These are the undisputed facts as they appear from the relevant documents. In fairness, it also should be noted that Manklow is not a creditor of the Original Debtors and did not file a proof of claim against the Original Debtors. Rather, he is a creditor of Recomm International Display Corporation by virtue of the stock purchase agreement and holds a claim against that Recomm entity in excess of $9,000,000. Contrary to Manklow's contention, however, this Court has never made a finding that Recomm International Display Corporation is the owner of the Network. Further, Manklow's contention that he is the equitable owner of the stock of Recomm International Display Corporation is irrelevant to the matter under consideration.

The objection of Certain Washington, Texas and New Mexico Customers is based on their contention that they were not served with Braddock's Affidavit and Zovistoski's testimony given in connection with a different proceeding until April 3, 1998. They also contend that they did not receive the exhibits to the Braddock Affidavit or Zovistoski's testimony until ten days prior to the scheduled hearing on the Motion. These Objectors oppose the entry of summary judgment not because the record reflects disputed facts but because the record is insufficient to justify substantive consolidation as a matter of law. In addition, they contend, by facts unsupported by affidavit or other parts of the record, that there is currently a dispute over the ownership of the New Debtors and that one or more of the New Debtors will seek to dismiss the Chapter 11 case on the basis that the cases were not authorized to be filed, depending on the outcome of an interpleader action which, according to them, is now pending in state court. Based on the above, they contend that the entry of a summary judgment is improper and the litigation casts doubt on the ability of the Debtors to obtain confirmation of the Plan. Of course, this proposition is a non sequitur simply because the matter under consideration does not involve at all whether the Plan can be confirmed. Rather, the Motion involves the right to the substantive consolidation of these Debtors.

In their response, the Mississippi Pharmacists advance nothing but legal argument that under controlling legal principles, the Debtors have failed to establish the factors which the Court must consider, as annunciated in the case of *In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d 515, 518 (2d Cir.1988).

The Eleventh Circuit Court of Appeals in *Eastgroup Properties v. Southern Motel Assoc., Ltd.*, 935 F.2d 245 (11th Cir. 1991), stated, "It is agreed that the basic criterion by which to evaluate a proposed substantive consolidation is whether 'the economic prejudice of continued debtor separateness' outweighs 'the economic prejudice

of consolidation.'" *Id.* at 249. The Eleventh Circuit adopted the following standard by which to determine whether to grant a motion for substantive consolidation:

> ..., the proponent of substantive consolidation must show that (1) there is substantial identity between the entities to be consolidated; and (2) consolidation is necessary to avoid some harm or to realize some benefit.... When this showing is made, a presumption arises "that creditors have not relied solely on the credit of one of the entities involved." ... Once the proponent has made this prima facie case for consolidation, the burden shifts to an objecting creditor to show that (1) it has relied on the separate credit of one of the entities to be consolidated; and (2) it will be prejudiced by substantive consolidation.... Finally, if an objecting creditor has made this showing, "the court may order consolidation only if it determines that the demonstrated benefits of consolidation 'heavily' outweigh the harm." (citations omitted).

*Id.* at 249.

Although the Eleventh Circuit cautioned that no single factor is likely to be determinative in a court's inquiry, it suggested that in making a prima facie case for consolidation, the proponent of consolidation use the following seven factors outlined in *In re Vecco Construction Industries, Inc.,* 4 B.R. 407, 410 (Bankr.E.D.Va.1980):

(1) The presence or absence of consolidated financial statements.

(2) The unity of interests and ownership between various corporate entities.

(3) The existence of parent and intercorporate guarantees on loans.

(4) The degree of difficulty in segregating and ascertaining individual assets and liabilities.

(5) The existence of transfers of assets without formal observance of corporate formalities.

(6) The commingling of assets and business functions.

(7) The profitability of consolidation at a single physical location.

*Id.* at 249.

While it might be argued that the record is weak with regard to some of these factors, considering the totality of the entire picture, this Court is of the opinion that the Motion for Summary Judgment should be granted, the estates should be substantively consolidated and the Debtors' Plan should be considered by this Court.

█ This conclusion, however, must be read with important and serious caveats. First, this Court's ruling on the Motion for Summary Judgment should not be construed to be an indication that the Plan is confirmable and that the creditors of the New Debtors will not be given an opportunity to file proofs of claim against the New Debtors if so deemed to be advised. This Court will enter a bar date for this purpose. Second, the creditors of the New Debtors will be recognized to have standing to participate at the confirmation hearing and will be authorized to have all of the procedural rights as the creditors of the Original Debtors.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtors' Motion for Summary Judgment on Motion for Substantive Consolidation be, and the same is hereby granted. The estates of the above-captioned debtors are hereby substantively consolidated. It is further

ORDERED, ADJUDGED AND DECREED that this Court will consider the Plan as the plan of reorganization of all of the substantively consolidated entities.