**In re ALICO MINING, INC., a Florida Corporation, Debtor.**

**No. 01–18572–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Feb. 28, 2002.

James T. Demarest, George Vega, Jr., Naples, FL, for debtor.

Asher Rabinowitz, Tampa, FL, for movant.

Jeffrey S. Kannensohn, Naples, FL, Jeffrey W. Leasure, Ft. Myers, FL, for Alico Investments, Inc.

Nancy G. Farage, Tampa, FL, for Jonbo Corporation.

Louis D. D'Agostino, Naples, FL, for B & D Estero.

## ORDER ON MOTION FOR SUBSTANTIVE CONSOLIDATION

ALEXANDER L. PASKAY, Bankruptcy Judge.

This is a Chapter 11 case and the particular matter under consideration is Motion for Substantive Consolidation, filed on December 18, 2001, by Michael J. Volpe (Volpe) as Trustee of the CMM No. 1400 Trust, u/a/d July 18, 2000 (Trust). The unusual aspect of this Motion is that unlike such motions that generally involve an attempt to consolidate the estates of two debtors, in this instance, the Motion seeks a substantive consolidation of the estate of Alico Mining, Inc. (Debtor) with the estate of Florida Earth Mining and Materials, Inc. (Florida Earth), a nondebtor.

In support of the Motion, Volpe contends that the Trust is a secured creditor of the Debtor; that both the Debtor and Florida Earth are controlled and dominated by Robert S. Hardy (Bob Hardy); that the Debtor is merely an alter ego of Florida Earth; and that Bob Hardy determines what to do with the funds generated under an agreement for purchase of mining rights between the Debtor and Florida Earth. The agreement was signed by Bob Hardy, as president of Florida Earth and Paul Hardy, his son, as the president of the Debtor. Volpe further contends that when Volpe requested that Florida Earth sign loan documents between the Trust and the Debtor pursuant to which the Trust had loaned the Debtor the sum of $2,250,000, Bob Hardy admitted that "the relationship between Alico Mining and Florida Earth Mining and materials, which we are operating and consider for our agreements with Trust to be one entity."

The Motion filed by Volpe is accompanied by 26 attachments most of which are excerpts from unidentified depositions apparently taken in connection with some state court litigations and other unauthenticated documents, all of which, of course, are not acceptable as competent evidence in their present form.

In response to the Motion, on February 20, 2002, the Debtor filed its Objection to

Motion for Substantive Consolidation and a shareholder, Marion Hardy, filed her Objection to Motion for Substantive Consolidation on February 19, 2002. In the Objections, the Debtor and shareholder assert that this Court does not have jurisdiction to consider substantive consolidation between a debtor and nondebtor and that the debtor and nondebtor should not be consolidated. The later assertion is not presently before this Court.

■ At the outset, it is important to point out the precise issue before this Court, which is whether or not a bankruptcy court has jurisdiction to substantively consolidate the estate of a debtor with the estate of a nondebtor; and not whether the two estates should be substantively consolidated. At the duly scheduled hearing, this Court indicated that before an evidentiary hearing is scheduled, it would be appropriate to consider the threshold issue, that is the jurisdiction of this Court to subject an entity to this jurisdiction, which would be tantamount to force an entity to become an involuntary chapter 11 debtor without obtaining an entry for order for relief in an involuntary case commenced by creditors of the nondebtor entity pursuant to 11 U.S.C. § 303. It is clear that this can only be accomplished by destroying the independent legal existence of the nondebtor entity by removing its corporate shield and establishing with competent evidence that, as in this case, the Debtor is nothing more than the alter ego of Florida Earth.

While this Court expressed initial misgivings as to this Court's power to accept this somewhat unorthodox approach suggested by counsel for Volpe, research indicates that there is substantial authority to support this Court's power to grant the relief sought by Volpe if Volpe is able to present competent and persuasive evidence to warrant a granting of his Motion on an alter ego theory.

■ It is generally recognized that although the Bankruptcy Code does not specifically authorize consolidation of separate estates, the court may order consolidation by virtue of its general equitable powers. *In re Auto–Train Corporation*, 810 F.2d 270 (D.C.Cir.1987); *In re Continental Vending Machine Corp.*, 517 F.2d 997 (2d Cir.1975), *cert. denied*, 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317 (1976). This authority is expressed in Section 105(a) of the Bankruptcy Code, which authorizes courts to issue any order necessary or appropriate to carry out the provisions of Title 11. *In re Bonham*, 229 F.3d 750 (9th Cir.2000).

■ Orders of "substantive consolidation" combine the assets and liabilities of separate and distinct, but related, legal entities into a single pool and treat them as a single entity. This enables a bankruptcy court to disregard separate corporate entities and to pierce their corporate veils in order to reach assets for the satisfaction of debts of a related corporation. *See Bonham, supra* at 764. Substantive consolidation is a remedy entirely independent of, and inconsistent with the involuntary petition remedy, and thus, is an alternative means to bring nondebtor's assets into a debtor's estate. *In re Munford, Inc.*, 115 B.R. 390 (Bankr.N.D.Ga.1990). Substantive consolidation may be based on a finding that it would be more equitable to all parties to allow consolidation under circumstances of the case, by showing that the affairs of the entities are inextricably intertwined or that creditors dealt with them as a single economic unit. It does not require a finding of fraud or an intent to hinder and delay creditors. *Munford, supra. See also, In re Reider*, 31 F.3d 1102 (11th Cir.1994).

Before ordering consolidation however, a bankruptcy court must conduct a searching inquiry to ensure that consolidation yields benefits that would offset the harm it inflicts on objecting parties. Moreover, the proponent must show substantial identity between the entities to be consolidated, and that consolidation is necessary to avoid some harm or to realize some benefit. *Auto–Train, supra* at 276; *In re Snider Bros., Inc.,* 18 B.R. 230 (Bankr. D.Mass.1982). Once the proponent has made the required prima facie showing, the burden shifts on the objecting party to show (1) that it has relied on separate credit of one of the entities to be consolidated; and (2) that it will be prejudiced by consolidation. *In re Optical Technologies, Inc.,* 221 B.R. 909 (Bankr.M.D.Fla.1998).

Factors to consider whether the proponent has made the required prima facie showing are as follows: (1) presence or absence of consolidated financial statements for entities whose estates are to be consolidated; (2) unity of interest and ownership; (3) existence of parent and intercorporate guarantees on loans; (4) degree of difficulty in segregating and ascertaining individual assets and liability; (5) existence of transfers of assets without formal observance of corporate formalities; (6) commingling of assets and business functions; and (7) profitability of consolidation at single physical location. *Optical Technologies, supra* at 913.

Based on the foregoing, this Court is satisfied that it is appropriate to schedule a final evidentiary hearing in order give Volpe an opportunity to present competent evidence in support of his Motion. Therefore, this Court has determined, that as to the threshold issue of whether or not this Court has jurisdiction to consolidate a debtor and a nondebtor entity, it does have jurisdiction to consider the request of consolidation in this Motion.

Accordingly it is,

ORDERED, ADJUDGED AND DECREED that the Clerk shall schedule a pre-trial conference to be held on March 21, 2002, beginning at 10:30 a.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida, in order to prepare the issues for trial.