KAREN K. SPECIE, Chief U.S. Bankruptcy Judge
THIS MATTER came before the Court on Defendant's Motion to Dismiss Counts *29 II and III of Trustee's Amended Complaint ("Motion," Doc. 51), and Plaintiff's Response to Defendant's Motion to Dismiss Counts II and III of Trustee's Amended Complaint ("Response," Doc. 69).[1]
BACKGROUND
Plaintiff, the Trustee in the administrative Chapter 7 case of AAA Bronze Statues & Antiques, Inc. ("AAA Bronze"),[2] commenced this Adversary Proceeding on March 22, 2017 by filing the original Complaint.[3] On July 6, 2017, after obtaining authorization from the Court, Plaintiff filed the three-count Amended Complaint.[4] In Count I of the Amended Complaint, Plaintiff seeks a declaratory judgment that the bankruptcy estate of AAA Bronze, and not the Defendant, is the owner of approximately $ 900,000.00 in proceeds from the settlement of a claim due to the Deepwater Horizon oil spill ("BP claim"). In Count II, Plaintiff seeks a declaratory judgment that Defendant is the alter ego of AAA Bronze. In Count III, Plaintiff seeks to substantively consolidate AAA Bronze and the Defendant, alleging, inter alia , that the two are actually one and the same.
Defendant's Motion seeks dismissal of Counts II and III.[5] As to Count II, Defendant claims that Plaintiff lacks standing to bring an alter ego action. As to Count III, Defendant asserts that the Bankruptcy Code does not authorize substantive consolidation of a debtor in bankruptcy, here AAA Bronze, with a party that is not a debtor before this Court ("non-debtor"), here the Defendant. Based on the Motion and response, as well as the applicable case law, the Motion is due to be denied for the reasons set forth below.
DISCUSSION
Count II: Plaintiff has Standing to Bring an Alter Ego Action.
Defendant argues that only a creditor may pursue an alter ego claim such as Plaintiff has asserted in Count II.[6] Plaintiff replies that he has standing to bring this alter ego action because: 1) the claim would benefit all creditors of the estate of AAA Bronze; and 2) bankruptcy courts have routinely found that under Florida law, a bankruptcy trustee has standing to bring an alter ego action.
The Eleventh Circuit Court of Appeals has adopted a two-prong test, commonly known as the " Icarus Test," to determine whether a bankruptcy trustee has standing to bring an alter ego claim: is the claim 1) a general claim that is common to all creditors; and 2) allowed by state law.[7]
Florida bankruptcy courts have analyzed and applied the Icarus Test. This Court has held that a bankruptcy trustee has exclusive standing to bring an alter ego action "if the injury alleged ... is an injury to the corporation and thus suffered generally by all creditors and is not an injury inflicted directly on any one creditor."
*30 [8] This Court has also held that an alter ego cause of action is allowed under Florida law.[9]
In Official Committee of Unsecured Creditors of Richard Haisfield and Audrey L. Haisfield v. 1st Choice Breeding, LLC, et al. ("Haisfield "), the Bankruptcy Court for the Middle District of Florida found that the first prong of the Icarus Test is met when a bankruptcy trustee is pursuing a claim that "seeks to remedy an injury to the debtor's estate, and the trustee's claims are limited in scope to property that the estate would have owned but for the abusive conduct."[10]
In a case involving an individual debtor, the Bankruptcy Court for the Southern District of Florida initially ruled that a trustee did not have standing to bring an alter ego action[11] but receded from that ruling the following year, and has now ruled that a bankruptcy trustee in Florida has the right to pursue alter ego claims.[12]
Citing a Florida District Court of Appeal case, Seminole Boatyard, Inc. v. Christoph, Defendant argues that Florida law does not allow Plaintiff to pursue an alter ego cause of action.[13] In Seminole Boatyard, a corporation filed Chapter 7 and a trustee was appointed.[14] The bankruptcy trustee asserted claims against the debtor's principal, who then offered to purchase the bankruptcy estate's claims against him.[15] After the bankruptcy court approved that purchase, the debtor's landlord filed suit against the debtor's principal in state court, alleging he was the alter ego of the debtor and thus liable for the unpaid rent.[16] The debtor's principal defended on the basis that because he purchased claims from the bankruptcy trustee, the landlord was barred from bringing such an action against him.[17] The issue, as framed by the court in Seminole Boatyard, was whether a bankruptcy trustee "may assert an alter ego action against the president of the debtor corporation on behalf of a creditor *31 ...."[18] Holding that the alter ego cause of action belonged to the landlord and not to the debtor initially, the court held that the bankruptcy trustee did not have standing to bring that action, so the trustee's sale of claims against and general release of debtor's principal had no effect on the landlord's right to sue the principal on an alter ego theory in state court.[19] The ruling was, and remains, consistent with Eleventh Circuit case law.[20]
Bankruptcy courts in Florida have generally found Seminole Boatyard to be a narrow ruling, rather than a universal holding that a bankruptcy trustee never has standing to pursue an alter ego claim in Florida.[21] Further, Seminole Boatyard is readily distinguishable. In Seminole Boatyard , the alter ego action belonged to and would have benefitted only one creditor: the landlord. Here, Plaintiff asserts alter ego in order to bring settlement proceeds into the bankruptcy estate for the benefit of all creditors.[22]
Count II satisfies both prongs of the Icarus Test: Plaintiff seeks recovery of an asset for the benefit of all creditors, and an alter ego action is allowed under Florida law. The Motion as to Count II is due to be denied.
Count III: Bankruptcy Courts have Authority to Substantively Consolidate Debtors with Non-Debtors.
In Count III of the Amended Complaint, Plaintiff seeks substantive consolidation of Defendant, a non-debtor, with the Debtor, AAA Bronze. Plaintiff argues that substantive consolidation is appropriate because there is no separate identity between AAA Bronze and Defendant, and the benefit of substantive consolidation to the creditors of the estate would outweigh any prejudice to Defendant. Defendant maintains that bankruptcy courts do not have authority to substantively consolidate a debtor with a non-debtor, that such consolidation is in contravention of specific sections of the Bankruptcy Code, and that the Court's equitable powers under 11 U.S.C. § 105 do not extend to substantive consolidation.[23]
Substantive consolidation is an equitable remedy that should be "used sparingly," but is allowed by courts "to insure the equitable treatment of all creditors."[24] Plaintiff cites In re S & G Financial Services of South Florida, Inc.,[25] a case this Court finds persuasive. In S & G Financial Services , the bankruptcy trustee *32 filed suit to consolidate the debtor with two of its non-debtor affiliates.[26] The non-debtor defendants moved to dismiss, arguing that substantive consolidation of non-debtors with debtors was not allowed.[27] Prior to determining that the trustee had pled a sufficient cause of action for substantive consolidation to survive a motion to dismiss, the court found that it had requisite authority to consolidate a debtor with non-debtors.[28] The bankruptcy court for the Southern District of Florida looked first to a case in which the U.S. Supreme Court held "[t]he power of the bankruptcy court to ... adjudicate equities arising out of the relationship between the several creditors is complete."[29] The S & G Financial Services court then noted that no Circuit Court of Appeals, including the Eleventh Circuit, has rejected the concept that substantive consolidation of a non-debtor with a debtor is authorized.[30] The court pointed out that Florida and Georgia bankruptcy courts have expressly allowed substantive consolidation of a debtor and non-debtor in limited circumstances.[31] The court ultimately determined that substantive consolidation of a debtor and non-debtor depends on whether "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy."[32] The court ruled that "it is well within this Court's equitable powers to allow substantive consolidation of entities under appropriate circumstances, whether or not all of those entities are debtors in bankruptcy."[33]
In Eastgroup Properties v. Southern Motel Assoc., Ltd. , the Eleventh Circuit adopted a modified version of the standard articulated by the District of Columbia Circuit in In re Auto-Train Corp., Inc. , under which the proponent of consolidation must demonstrate that: (i) there is substantial identity between the entities to be consolidated; and (ii) consolidation is necessary to avoid some harm or to realize some benefit.[34]
In opposition to substantive consolidation, Defendant cites Law v. Siegel[35] and *33 In re Pearlman .[36] In Law v. Siegel, the bankruptcy court had allowed a Chapter 7 trustee to "surcharge" a debtor's exempt homestead in the amount of $ 75,000.00 in order to pay the trustee's attorneys' fees.[37] The Ninth Circuit Bankruptcy Appellate Panel and Ninth Circuit Court of Appeals affirmed.[38] The Supreme Court reversed, holding that the result was in direct contravention of a specific section of the Bankruptcy Code,[39] and that bankruptcy courts may not contravene express provisions of the Code by utilizing equitable powers under § 105(a).[40]
In Pearlman, the debtor and others filed a motion to substantively consolidate debtor entities and some non-debtors.[41] The court granted the consolidation motion as to parties already in bankruptcy but denied the motion as to non-debtors, holding that a bankruptcy court's equitable powers under § 105(a) do not allow non-debtors to be brought into bankruptcy involuntarily.[42]
In S & G Financial Services, supra , the Bankruptcy Court for the Southern District of Florida emphasized that "substantive consolidation and the right to file an involuntary petition [under 11 U.S.C. § 303 ] are two entirely different remedies," as are alter ego and substantive consolidation.[43] That court did not find substantive consolidation of a non-debtor with a debtor to be in contravention of Section 303.
Defendant has provided no Code section that directly addresses, much less prohibits, substantive consolidation. Substantively consolidating AAA Bronze and Defendant could conceivably have an effect on the administration of the bankruptcy estate. For those reasons, the Motion is to be denied as to Count III.
CONCLUSION
Plaintiff has standing to bring an alter ego cause of action. Plaintiff has sufficiently articulated a cause of action for substantive consolidation of AAA Bronze with the Defendant to survive a motion to dismiss. For the reasons stated, it is
ORDERED:
1. Defendant's Motion to Dismiss Counts II and III of Trustee's Amended Complaint (Doc. 51) is DENIED.
2. Defendant has fourteen (14) days from the date of this Order to file an Answer to Counts II and III of Plaintiff's Amended Complaint (Doc. 44).
3. The hearing on the Motion, currently scheduled for January 9, 2019, is CANCELED.
*34 DONE and ORDERED on January 8, 2019.

Plaintiff filed a Supplement to his Response on January 2, 2019, Doc. 109.

Case No.: 11-30848-KKS.

Doc. 1.

Order Granting Motion for Authority to File an Amended Complaint , Doc. 41; Doc. 44.

Because Defendant answered Count I, this ruling does not address that count. Answer to Complaint and Affirmative Defenses, Doc. 53.

Defendant is not pursuing its previous argument that Plaintiff did not plead sufficient facts to support an alter ego claim. Doc. 51, FN 1.

In re Icarus Holding, LLC, 391 F.3d 1315, 1321 (11th Cir. 2004).

In re CD Jones & Company, Inc. , Adv. No.: 15-03002-KKS, 2015 WL 2260707 *1, *4 (Bankr. N.D. Fla. May 12, 2015) (citing In re Xenerga, Inc., 449 B.R. 594, 598-99 (Bankr. M.D. Fla. 2011) ). See, also, Spence, et al. v. Hintze, 570 B.R. 369, 387 (Bankr. N.D. Fla. 2017) ("[w]here a trustee ... is asserting an alter ego claim that is common to all creditors and allowed by state law, such a claim is proper, even in the case of individual, as opposed to corporate, debtors."); aff'd, Hintze v. Spence, et al. , Case No.: 1:17cv18-MCR/GRJ, Doc. 38 at p. 24 (N.D. Fla. Mar. 26, 2018), aff'd , 739 Fed. Appx. 579 (11th Cir. 2018).

Hintze, 570 B.R. at 387 ("Plaintiffs' alter ego claim is allowed by state law.").

Haisfield , 3:13-ap-65-PMG, Doc. 95 at p. 10 (Bankr. M.D. Fla. April 23, 2014).

In re Kodsi, Adv. No.: 14-01763-LMI, 2015 WL 222493 *1, *5 (Bankr. S.D. Fla. January 13, 2015).

In re Ortega T. , 562 B.R. 538, 542 (Bankr. S.D. Fla. 2016) ("[T]his Court agrees with Judge Glenn's conclusion in Haisfield and with Judge Olson's conclusion in Brown v. Luboff (In re Sigma-Tech Sales, Inc.) ... that the Trustee does have authority to bring the alter ego claim."). See also In re Sigma-Tech Sales, Inc. , Adv. No.: 15-01389-JKO, 2016 WL 4224090 *1, *3 (Bankr. S.D. Fla. July 31, 2016) ("This Court holds that the line of cases standing for the proposition that a trustee does have standing to bring an alter ego claim on behalf of a corporate debtor properly references applicable Florida law thus satisfying the second prong of the Icarus test.").

Seminole Boatyard, Inc. v. Christoph , 715 So.2d 987 (Fla. 4th DCA 1998).

Id. at 988.

Id. at 988.

Id. at 988-989.

The principal actually alleged that any such claim had been "released." Id. at 989.

Id.

Id. at 990.

See, E.F. Hutton & Co. v. Hadley, 901 F.2d 979 (11th Cir. 1990).

See, e.g., In re Sigma-Tech Sales, Inc. , Adv. No.: 15-01389-JKO, 2016 WL 4224090 *1, *3 (Bankr. S.D. Fla. July 31, 2016).

In his Supplement, Plaintiff cited the Northern District of Florida's opinion affirming this Court's ruling in In re Hintze. There, the district court acknowledged that an alter ego action is allowed under Florida law. In re Hintze, (Hintze v. Spence, et al.) , Case No.: 1:17cv18-MCR/GRJ, Doc. 38 at p. 29-30 (N.D. Fla. Mar. 26, 2018), aff'd , 739 Fed. Appx. 579 (11th Cir. 2018).

11 U.S.C. § 301 governs the commencement of a voluntary case under the Bankruptcy Code, while 11 U.S.C. § 726 governs the distribution of property of the estate to creditors. Defendant has cited no case law or other support for the blanket assertion that §§ 301 and 726 would be contravened by substantive consolidation.

Eastgroup Properties v. Southern Motel Ass'n, Ltd., 935 F.2d 245, 248 (11th Cir. 1991) (citing In re Murray Indus. , 119 B.R. 820, 830 (Bankr. M.D. Fla. 1990) ).

In re S & G Financial Services of South Florida, Inc., 451 B.R. 573 (Bankr. S.D. Fla. 2011).

Id. at 576-577.

Id. at 577.

Id. at 584.

Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 219, 61 S.Ct. 904, 85 L.Ed. 1293 (1941) (upholding the finding of a bankruptcy referee that property of a non-debtor corporation was property of the bankruptcy estate).

S & G Financial Services , 451 B.R. at 580. See Bonham v. Compton , 229 F.3d 750 (9th Cir. 2000). See also Eastgroup Properties v Southern Motel Ass'n, Ltd., 935 F.2d 245, 249 (11th Cir. 1991) (adopting the standard "which bankruptcy courts in this circuit should employ in making a determination of whether substantive consolidation is warranted."); and In re Owens Corning, 419 F.3d 195, 205 (3d Cir. 2005) ("The concept of substantively consolidating separate entities begins with a commonsense deduction. Corporate disregard as a fault may lead to corporate disregard as a remedy.").

S & G Financial Services , 451 B.R. at 581. See In re Alico Mining, Inc. , 278 B.R. 586 (Bankr. M.D. Fla. 2002) ; and Munford, Inc. v. TOC Retail, Inc. , 115 B.R. 390 (Bankr. N.D. Ga. 1990).

S & G Financial Services , 451 B.R. at 582 (citing Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990) ).

S & G Financial Services , 451 B.R. at 582.

Eastgroup Properties v. Southern Motel Ass'n, Ltd., 935 F.2d 245, 249 (11th Cir. 1991) (citing Drabkin v. Midland-Ross Corp. (In re Auto-Train Corp., Inc.) , 810 F.2d 270, 276 (D.C. Cir. 1987) ).

Law v. Siegel , 571 U.S. 415, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014).

In re Pearlman , 462 B.R. 849 (Bankr. M.D. Fla. 2012).

Law v. Siegel, 571 U.S. at 415, 134 S.Ct. 1188.

Id. at 415, 134 S.Ct. 1188.

Id. at 422, 134 S.Ct. 1188 (11 U.S.C. § 522(k) specifically provides that property a debtor exempts is not liable for payment of administrative expenses except as specifically provided in that section.).

Id. at 428, 134 S.Ct. 1188.

In re Pearlman , 462 B.R. 849, 851 (Bankr. M.D. Fla. 2012).

Id. at 854 (finding that substantive consolidation of non-debtors would contravene the involuntary bankruptcy provisions in 11 U.S.C. § 303 ). The court further held that other remedies, such as a finding of alter ego, could produce the same result without such an extreme measure. Id. at 856.

S & G Financial Services, 451 B.R. at 582-83.